No. 04-075

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 182N

STATE OF MONTANA,

        Plaintiff and Respondent,

    v.

ROSITA IVA FISHELL,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
                     In and for the County of Missoula, Cause No. DC 99-13954
                     The Honorable Douglas G. Harkin, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                Rosita Iva Fishell, *pro se*, Billings, Montana

        For Respondent:

                Honorable Mike McGrath, Montana Attorney General, Jennifer Anders, Assistant Attorney General, Helena, Montana; Fred VanValkenburg, Missoula County Attorney, Dale Mrkich, Deputy County Attorney, Missoula, Montana

Submitted on Briefs:  April 13, 2004

Decided:  July 13, 2004

Filed:

_____
                         Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. The decision shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Rosita Iva Fishell (Fishell) appeals the judgment of the Fourth Judicial District Court, Missoula County, denying her motion for a bond hearing and her motion to amend her sentence.

¶3 We address the following issues on appeal and affirm:

¶4 1. Did Fishell properly preserve for appeal the argument that she was denied a bond hearing, as required by statute?

¶5 2. Did the District Court err in denying Fishell's motion to amend her sentence?

**FACTUAL AND PROCEDURAL BACKGROUND**

¶6 In July 2000, Fishell pled guilty to two felony drug offenses and to two misdemeanor offenses. In exchange for her pleas, Fishell received five years suspended on both felony counts, to run concurrent, and six months suspended on both misdemeanor counts.

¶7 In September 2002, Fishell violated the terms of her probation, being charged with two felony drug offenses and with one misdemeanor disorderly conduct offense. These charges were brought in Ravalli County, and Fishell pled guilty to each offense.

2

¶8     On February 13, 2003, the Deputy County Attorney of Missoula County then filed a petition to revoke, requesting that Fishell be arrested and ordered to appear before the District Court of Missoula County for revocation of probation and imposition of sentence.

¶9     The District Court issued a bench warrant on February 19, 2003, for the arrest of Fishell, admitting Fishell to bail in the amount of $20,000. Fishell could not post bond.

¶10    On May 20, 2003, a status hearing was held, wherein the District Court of Missoula County revoked Fishell's probation and sentenced her on each of the felony drug offenses to which she had previously pled guilty in July 2000. Fishell was sentenced to the Montana State Women's Prison for a term of five years, with her sentences to run concurrently. The District Court also found the following:

> Due to the Defendant's [Fishell] failure to comply with the terms and conditions of her suspended sentence while under the supervision of the Department of Probation and Parole, the Court finds that she is not entitled to receive, and shall not receive, credit for any elapsed time between the date of her conviction and the date of this Order, except that Defendant requested that she receive credit for fifty-eight (58) days jail time which she has previously served . . . to be applied to the remainder of the fines, which request was not opposed and granted.

¶11    In August 2003, Fishell requested that the Sentence Review Division (the Division) of the Montana Supreme Court review her sentence. At this time, Fishell was advised that the Division had the authority not only to reduce or affirm her sentence, but also to increase it. She was also advised that no appeal existed from the Division's decision. Fishell, being represented at the time, stated that she understood as much and wished to proceed.

¶12 On September 26, 2003, the Division found, having reviewed Fishell's reasoning behind the modification of her sentence, that such reasoning was "insufficient" to hold that the sentence imposed by the District Court was "inadequate or excessive."

¶13 On October 24, 2003, Fishell filed a *pro se* motion with the District Court of Missoula County to amend the May 20, 2003 Judgment. The District Court denied this motion. To date, Fishell has not filed a petition for postconviction relief.

¶14 Fishell now appeals the District Court's denial of her motion to amend.

## STANDARD OF REVIEW

¶15 We review a district court's denial of a motion to amend for an abuse of discretion. *Kills on Top v. State* (1996), 279 Mont. 384, 390, 928 P.2d 182, 186.

## DISCUSSION

¶16 **1. Did Fishell properly preserve for appeal the argument that she was denied a bond hearing, as required by statute?**

¶17 Fishell argues that because she was not afforded a bond hearing within 72 hours of the service of her bench warrant, "she was denied the opportunity of access to counsel on the pending Missoula County petition for revocation of . . . [her] suspended sentence." Consequently, Fishell argues that she "did not have the opportunity to answer to the suspected violations of her probationary sentence in the Missoula County Court until May 20, 2003, ninety-eight (98) days after she was served" with the bench warrant.

¶18 The State of Montana (the State) argues that Fishell raises for the first time now on appeal her argument that "she was held without a bond hearing, and that there was unnecessary delay in resolving the petition for revocation of her suspended sentence." As

4

such, the State argues that this Court should not now review her postconviction claims, as these claims should have been previously raised. We agree.

¶19 Fishell acknowledged her rights and pled guilty to two of the probation violation charges against her at a hearing held on May 20, 2003. At that time, Fishell could have raised her bond hearing argument, but she did not. We have repeatedly held that we will not consider issues raised for the first time on appeal, as a district court cannot be faulted for something which it never had opportunity to decide. *In re Marriage of Gerhart*, 2003 MT 292, ¶ 31, 318 Mont. 94, ¶ 31, 78 P.3d 1219, ¶ 31. Therefore, we decline to address Fishell's bond hearing argument here.

¶20 **2. Did the District Court err in denying Fishell's motion to amend her sentence?**

¶21 Fishell argues that she was not granted all of her pre-sentence jail time that is required by the concurrent sentence imposed by the District Court of Missoula County.

¶22 The State argues that because the District Court has discretion in granting or denying credit for time served on probation, this Court should not disturb Judge Harkin's rulings in granting 58 days for jail time served awaiting disposition of Fishell's motion to amend and in declining to grant Fishell any credit for time served on probation. We agree.

¶23 Under § 46-18-203(7)(b), MCA, "[i]f a suspended sentence . . . is revoked, the judge shall consider any elapsed time and either expressly allow all or part of the time as credit against the sentence or reject all or part of the time as a credit." In addition, "[c]redit must be allowed for time served in a detention center or home arrest time already served." Section 46-18-203(7)(b), MCA.

5

¶24 Here, again, Judge Harkin, under the discretion afforded him by statute, granted Fishell credit for jail time served awaiting disposition of her motion to amend while he declined to grant credit for time served on probation. The District Court acted within the discretion afforded it by statute, namely § 46-18-203(7)(b), MCA, and did not abuse its discretion in rendering that judgment. Therefore, we hold that the District Court did not err in denying Fishell's motion to amend.

¶25 Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ PATRICIA O. COTTER
/S/ JIM RICE